GULOTTA, Judge.
Defendants appeal from a judgment awarding plaintiff workmen’s compensation death benefits, based on a claim arising out of an automobile accident in which Gerard Marshall was killed while employed by Marshall-Koehl, Inc. The thrust of defendants’ appeal is two-fold: 1) that plaintiff failed to show by a preponderance of the evidence that the accident occurred while decedent was in the course of employment,[1] and 2) that decedent’s intoxication at the time of the accident[2] is a bar to recovery.
On December 20, 1973, at approximately 9:30 p. m., decedent, vice-president of Marshall-Koehl, Inc., while driving southbound on the Pontchartrain Expressway in a company-owned automobile, lost control of the vehicle, resulting in the accident and death of the employee.
According to defendants, plaintiff failed to establish that at the time of the accident, decedent was returning from delivering Christmas gifts to customers of Marshall-Koehl and was, therefore, on a mission for the employer. Defendants alternatively contend that the evidence shows that the accident was caused because of decedent’s intoxication and in such case, plaintiff is barred from recovery. We do not agree. We affirm.
The automobile driven by decedent at the time of the accident was owned by the defendant company, and decedent had the business and personal use of the automobile on a 24-hour basis. The evidence is clear and uncontradicted that on the morning of the accident, decedent and another company employee loaded the decedent’s automobile with liquor and pen and pencil sets, Christmas gifts, for delivery to the company’s customers. Uncontradicted also is testimony that around noon of the same day, decedent advised a co-employee of the defendant corporation that he, Marshall, was delivering Christmas gifts “across the lake”. Further evidence indicated that the defendant corporation had performed work for customers in Bogalusa and Bay St. Louis.
An executive of one of the companies with which the defendant corporation had conducted business testified that he received a pen and pencil Christmas gift from Marshall-Koehl and remembered opening the gift at his home in Slidell. He could not say, however, whether the gift had been delivered to his home in Slidell or to his place of business in New Orleans.
A list of addresses to which decedent planned to deliver the gifts was introduced *423 into evidence. Defendants contend that an examination of the list does not reveal any addresses that would have required decedent to travel “across the lake”. However, according to Joseph Marshall, brother of decedent and superintendent at Marshall-Koehl, the list introduced into evidence was incomplete.
Joseph Marshall further testified that on the date of the accident, he had fewer gifts to deliver than decedent, and that he (Joseph Marshall) completed his deliveries at approximately 8:30 p. m. The accident occurred at approximately 9:30 p. m.
Proof is sufficient to constitute a preponderance when the evidence, taken as a whole, shows that the existence of the disputed fact is more probable than not. See Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971); Hartdegen v. Juneau, 296 So.2d 334 (La.App. 4th Cir. 1974), writ refused, 300 So. 2d 184 (La. 1974); Hull v. Liberty Mutual Insurance Company, 236 So.2d 847 (La. App. 1st Cir. 1970). Applying the above cited jurisprudence to the instant case, we conclude, as did the trial judge, that plaintiff successfully carried the burden of showing that decedent was in the course of his employment at the time of the accident.
 Defendants’ contention that plaintiff was voluntarily intoxicated at the time of the accident is an affirmative defense and must be proved as any other fact. The evidence relating to intoxication consists primarily of the testimony of a patrolman with the Greater New Orleans Expressway Commission, who investigated the accident and helped extricate the decedent from the wrecked vehicle. According to this witness, he smelled a distinctive odor of alcohol in the vehicle, saw two bottles[3] of Scotch with broken cap seals in the vehicle, and smelled alcohol on decedent’s breath. The odor of alcohol from the interior of the wrecked vehicle was reasonably explained by the fact that some of the gifts included bottles of liquor. Furthermore, plaintiff, the widow of decedent, and decedent’s brother both testified that decedent did not drink Scotch.
The accuracy of the patrolman’s testimony is subject to question in view of the hospital discharge summary which states that when the policeman arrived, approximately two or three minutes after the occurrence of the accident, he found the injured driver completely unresponsive and thought that Marshall was dead at that time. The report goes on to state that the police officer felt no pulse in the neck or the wrist. On admission, the emergency room physician found no heartbeat, no pulse and no breath.
In reasons assigned by the trial judge, he stated, “As far as intoxication is concerned, that burden has not been met.” We cannot say that the trial judge erred when he reached this conclusion. The judgment is affirmed.

AFFIRMED.

. See LSA-R.S. 23:1031.

. See LSA-R.S. 23:1081.

. The officer testified one bottle was half full and the other was broken.